RECEIVED CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2008 MAR -6  P 1: 58

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edgar Castro Sr, #324083, | ) | C/A No. 9:08-157-RBH-GCK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Warden Lieber et al., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is currently confined at Lieber Correctional Institution, serving an eight-year sentence for a third-degree criminal sexual conduct conviction apparently entered on a guilty plea in Oconee County, South Carolina on September 17, 2007. He claims that his guilty plea and conviction resulted from numerous federal constitutional violations, and that the state trial court lacked subject matter jurisdiction to convict or sentence him due to an inadequate indictment.

In an Order dated January 23, 2008 (Entry 6)(the proper-form Order), Petitioner was specifically informed that the § 2254 Petition he originally submitted to the Court (Entry 1) was inadequate because he failed to answer the questions asked on the form, but, instead, merely cross-referenced to a "memorandum" which was not submitted with the Petition. He was told that such pleading by cross-reference did not permit the Court to conduct the required initial review of his habeas case, and he was then specifically directed to

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

submit "**a fully completed petition form to the Court so that the required pre-filing review can be conducted in this case . . . .**" Petitioner was told to:

> submit a *fully completed* and signed petition on the court-approved form for filing a Section 2254 petition. . . . . *Petitioner shall not use the term "N/A" in answer to any question, nor shall Petitioner answer any question by referring to any outside document.* Petitioner shall answer "yes" or "no" where such answer is requested by the question. Each question on the form must be answered by Petitioner as clearly and as distinctly as possible on the page of the petition form where the question is printed.

Entry 6 (emphasis added). In response to the proper-form Order, Petitioner has once again submitted an inadequate Petition, which has been docketed as the "SECOND PETITION." (Entry 12). Once again, despite being specifically directed NOT to do so, the blanks on the petition form used by Petitioner are not properly filled out. Instead, although he was specifically told not to do so, Petitioner again only writes "see memorandum" and then uses ditto marks ( ") to repeat the cross-reference to the "memorandum" for all remaining blanks where the answers to the petition form's questions should be written. One difference is that this time, Petitioner has submitted a "memorandum" and other documents as attachments to the Second Petitioner. However, Petitioner's blatant refusal to the comply with the Court's specific and clear directions about how to complete the petition form is unacceptable.



Moreover, although it was unnecessary to do so since the Court specifically told Petitioner that his allegations and claims had to be written on the petition form in the appropriate blanks, the undersigned did review the seventy-five pages of rambling argument contained in the attachments to Petitioner's incomplete Second Petition. This time-consuming effort and waste of precious Court resources was made necessary by Petitioner's failure to follow the clear directions of the proper-form order, and was required in an attempt to uncover at least a part of the procedural information relative to Petitioner's state court case required for this Court to conduct an appropriate initial review of this case. Nevertheless, review of the information contained in the attachments to the Second Petition makes it clear that Petitioner has not yet filed a direct appeal or any

2

post-conviction relief applications in the South Carolina state courts applicable to his September 2007 conviction.[2] As a result, this federal habeas case is premature and subject to summary dismissal.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

Although this case is arguably subject to summary dismissal because of Petitioner's failure to comply

---

[2] In his "memorandum," Petitioner states: "THE PETITIONER DID NOT DIRECTLY APPEAL HIS ISSUES OR THIS CASE. THE PETITIONER DID NOT SEEK DEDRESS IN ANY OTHER STATE COURT OF FEDERAL COURT DUE THE FEAR OF RETALIATION BY THE INVOLVED STATE AND OR COUNTY OFFICIALS INVOLVED." (Entry 12, attachment 2, at 4.)

3

with the specific terms of the proper-form order, *see* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*), it is also subject to summary dismissal for lack of the required exhaustion of state remedies. Regardless of his expressed subjective distrust of the South Carolina state court system, before Petitioner can proceed with federal habeas corpus, he must first exhaust his claims within the state court system. *See Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *U. S. ex rel. Scranton v. N. Y.*, 532 F.2d 292, 294 (2d Cir. 1976); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973); *Williams v. Mo. Dep't of Corr.*, 463 F.2d 993, 995 (8th Cir. 1972); *see also McCoy v. Tucker*, 259 F.2d 714, 716 (4th Cir. 1958) (as to federal habeas petitions in general). This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. 270, 276 (1971). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d at 224 (citing *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973)). Such considerations should not be dispensed with lightly.

Section 2254's exhaustion requirement provides:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c).

Although Petitioner might think that he fits within the exceptions to the exhaustion requirement listed above by claiming that he fears discriminatory treatment in the South Carolina state courts, as in *Whittlesey v. Cir. Ct. for Baltimore County*, 897 F.2d 143, 145 (4th Cir. 1990), "[h]e fails to appreciate that the difficulties he is encountering in obtaining habeas relief are difficulties he has brought on himself" as a result of not filing a state court direct appeal and/or an application for post-conviction relief in Oconee County. "As a general matter, it is well-settled that a criminal defendant may not flout compliance with state procedures and look to federal courts to save him from the consequences of his actions." *Id.* (citations omitted).



Also as in *Whittlesey*, Petitioner cannot "avoid the exhaustion requirement by seeking refuge in the futility exception in the habeas corpus statute. Federal habeas corpus has traditionally been governed by equitable principles, among them the principle that 'a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.'" *Id.* at 146 (citing *Sanders v. U. S.*, 373 U.S. 1, 17 (1963)). Petitioner "had an opportunity to seek direct review of his conviction on appeal but failed to do so." *Id.* That it may now be "futile" for Petitioner to wait until his state remedies have been exhausted "begs the question of how that futility has come about. The equitable principles

5

governing habeas relief will not permit [Petitioner] to create a situation in which seeking state . . . relief is futile, and then invoke that same futility to avoid the exhaustion requirement." *Id.* Accordingly, the instant Petition should be dismissed for failure to exhaust state remedies, and also because of Petitioner's failure to comply with the directions contained in the proper-form Order.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

*[signature]*

George C. Kosko
United States Magistrate Judge

March 6, 2008
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).