UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| EDGAR CASTRO, SR., | ) | Civil Action No.: 0:08-cv-00157-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN OF LIEBER | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the court with the Report and Recommendation [Docket Entry #20] of Magistrate Judge George C. Kosko filed on March 6, 2008.[1]

Petitioner, proceeding *pro se,* brought this habeas corpus action pursuant to 28 U.S.C. § 2254.  The Magistrate Judge recommended summary dismissal of Petitioner's petition for failure to exhaust state remedies.  Petitioner filed objections to the Report and Recommendations of the Magistrate Judge on March 13, 2008.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with

---

[1] This matter was referred to Magistrate Judge Kosko pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The Magistrate Judge found that Petitioner, who is serving an eight-year prison sentence for third degree criminal sexual conduct after pleading guilty, failed to exhaust his state court remedies because Petitioner had not filed a direct appeal or any petition for state collateral review. Petitioner does not dispute that he has not exhausted his state court remedies but appears to argue that exhaustion would be futile because "[i]f the petitioner would have sought to seek redress in any state court, that court would have conspired to kill the case, as the state court(s) have been indisputably doing to all cases that possess these legal arguments of supposed religious prophesy." [Objections, at 8, Docket Entry #22]. Petitioner also argues that he is not required to exhaust state court remedies because his case is a class action proceeding and involves violations of the Klu Klux Klan Act, 42 U.S.C § 1985(3).

Title 28 U.S.C. § 2254 provides in part that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process;

> or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The petitioner bears the burden of proving exhaustion or an exception to the exhaustion requirement. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

Petitioner's alleged grounds for habeas corpus relief are typical appellate issues, *See* [Memorandum of Petitioner, at 4-5, Docket Entry #12-2], and, in accordance with 28 U.S.C. § 2254(b) and (c), should be presented to the South Carolina state courts before Petitioner is permitted to seek habeas corpus review in Federal court.  Petitioner's failure to exhaust state court remedies is not excused as Petitioner has failed to meet his burden of establishing: 1) an absence of available State corrective process; or 2) the existence of circumstances that render State remedies ineffective to protect Petitioner's rights. *See* 28 U.S.C. § 2254(b)(1)(B).

Petitioner cannot escape the exhaustion requirement with vague allegations of a conspiracy "going on at all levels of court" and "up as far as the White House itself." Petitioner has submitted no evidence whatsoever to support his allegations of such a broad ranging conspiracy.  As for Petitioner's class action argument, it is well settled that *pro se* litigants cannot represent other inmates in a class action. *Fowler v. Lee*, 18 Fed.Appx. 164, 2001 WL 1033312, at *1 (4th Cir. Sept. 10, 2001) (stating "[i]t is plain error for a pro se inmate to represent other inmates in a class action").

Assuming arguendo that the state corrective process is now not available, the claim is still procedurally defaulted due to Petitioner's failure to establish "cause and prejudice" or

"actual innocence." Petitioner pled guilty in September of 2007 and the Magistrate Judge's Report and Recommendation advising Petitioner of the exhaustion requirement was issued on March 6, 2008; yet, Petitioner continued to pursue this matter and apparently filed nothing in state court because of his belief in a "conspiracy" involving all levels of court including the Fourth Circuit Court of Appeals and the White House. *See* [Memorandum of Petitioner, at 12, Docket Entry #12-2].

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. Petitioner's objections and arguments to the contrary lack merit.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. This case is hereby **DISMISSED without prejudice** and without issuance and service of process. All pending motions are rendered **MOOT**.

**IT IS SO ORDERED**.

November 30, 2008  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge